[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 10, 1974 in Hamden, Connecticut. They have resided continuously in this state since 1974. There is one minor child issue of the marriage, Patricia Mayo, born December 25, 1977.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for 18 years. The one minor child issue of the marriage will be 15 years of age on December 25, 1992. The father has not visited with the child since October 1991. The plaintiff, aged 48, is not regularly employee other than as a substitute secretary for the North Branford School System. She had worked part-time during the marriage The plaintiff has an associate's degree. The plaintiff's health is good except for a severe case of hives which the plaintiff claims prevents her from working on a full-time basis. However the plaintiff is hopeful of obtaining full-time employment in January with the North Branford School Board.
The defendant, aged 45, is employed as an insurance adjuster and earns a gross of $818 per week and a net of $525.10 per week. No health problems were presented.
The evidence presented indicated that the parties have lived beyond their means and have accumulated substantial debts.
The court declines to assess fault to either party and determines that both parties have contributed to the breakdown of the marital relationship. No useful purpose would be served by review of the evidence presented in this matter.
The following orders shall enter: CT Page 11430
A. CUSTODY AND VISITATION
Custody of the minor child is awarded to the plaintiff wit rights of reasonable visitation to the defendant as the child shall desire. It is hoped that with appropriate counseling, the defendant and the child can work out a visitation schedule suite to each person's needs.
B. CHILD SUPPORT
The defendant shall pay to the plaintiff as child support the sum of $150 per week in accordance with the Child Support Guidelines. Said support shall be paid until such time as the child reaches the age of 18 years, becomes emancipated or die whichever event shall first occur. Said order shall commence on December 18, 1992.
C. ALIMONY
(1) The defendant during his lifetime, shall pay to the plaintiff as alimony the sum of $150 per week for a period of years from date, or the plaintiff's death or remarriage whichever event shall first occur. Said order shall commence on December 18, 1992.
(2) It is anticipated that the plaintiff will obtain gainful full-time employment within a reasonable period of time.
D. DEBTS
The defendant shall be responsible for and shall maintain the payments due on the debts as listed on his financial affidavit dated December 1, 1992 and shall hold the plaintiff harmless therefrom. The then existing balances due on said indebtedness shall be paid from the proceeds of the sale of the real estate as set forth below, except for the Federal and State Tax Liability which shall be the defendant's sole obligation.
E. REAL ESTATE
(1) The jointly owned real estate located at 58 Bailey Drive, North Branford, shall be placed on the market for sale upon the first of the happening of the following events:
(a) death of the plaintiff; CT Page 11431
(b) remarriage of the plaintiff;
 (c) four years from the date of the entry of this judgment;
 (d) the plaintiff's decision to sell the real estate.
(2) From the proceeds of said sale, the following shall be paid:
 (a) Balance of the existing first mortgage loan to the New Haven Savings Bank;
 (b) The Home Equity Loan to the Union Trust (the 2d mortgage);
 (c) Usual costs of closing, attorney fees and real estate commission;
 (d) The then existing balance due of the debts and accounts set forth as follows:
 1. Household Finance (present balance) $10,490.98
 2. MasterCard Bank of N.Y. (present balance) 7,523.52
 3. Discover Card (present balance) 2,599.52
 4. MasterCard/Union Trust (present balance) 2,556.96
5. Visa (present balance) 3,852.91
 6. Union Trust (Judgment Lien, present balance) 1,032.69
(3) The remaining net proceeds shall be equally divided CT Page 11432 between the parties.
(4) The parties shall equally divide the cost of any major repair in excess of $250. The plaintiff shall consult with the defendant before incurring any such expense, except in the case of an emergency.
(5) The plaintiff shall be responsible for the first mortgage, the second mortgage, taxes, insurance and utilities until such time as the real estate is sold.
(6) The plaintiff shall be entitled to exclusive possession of the real estate.
(7) The court shall retain jurisdiction over any dispute arising out of the sale of the real estate.
F. PERSONAL PROPERTY
(1) The plaintiff shall be entitled to the following item of personal property:
The Hummel Collection;
 Her savings and checking accounts;
 The remaining assets in her financial affidavit not otherwise disposed of herein;
Garden/Lawn tools and equipment.
(2) The defendant shall be entitled to the following item of personal property:
His Retirement/Pension Plan;
The Stein Collection;
The Model Car Collection;
 Any remaining assets in his financial affidavit not otherwise disposed of herein including any CT Page 11433 interest in the 1968 Corvette motor vehicle.
(3) The household furniture and furnishings shall be divided between the parties as they shall agree. If the parties are unable to agree, they are referred to Family Relations for mediation and if mediation is unsuccessful the parties shall return to court for a hearing thereon.
G. MISCELLANEOUS
The defendant shall return to the plaintiff forthwith the following:
(a) The SNET stock in the name of the daughter or the plaintiff;
(b) The Savings Bonds in the name of the daughter or the plaintiff.
H. INCOME TAX
The defendant shall be entitled to claim the minor child a a dependent for income tax purposes provided he is current with the order of child support.
I. MEDICAL INSURANCE
The defendant shall provide medical, dental and hospital coverage for the benefit of the minor child, as is available through his place of employment.
Any unreimbursed medical expense shall be equally divide between the parties, including the cost of any counseling psychological or psychiatric.
J. LIFE INSURANCE
(1) The defendant shall provide and maintain life insurance for the benefit of the minor child in the amount of $50,000 (Fifty Thousand Dollars) for so long as he has an obligation for child support.
(2) The defendant shall provide and maintain life insurance for the benefit of the plaintiff in the amount of CT Page 11434 $50,000 (Fifty Thousand Dollars) for so long as he has an obligation for alimony.
(3) The provisions for life insurance shall be modifiable.
K. MODIFICATION
The Motion for Modification filed by the plaintiff is denied.
L. COUNSEL FEES
Each party shall pay their own counsel fees.
M. ARREARS
The court finds an arrears in the Pendent Lite orders in the amount of $749 as of December 9, 1992. Said arrears shall be paid at the rate of $20 per week.
N. WAGE EXECUTION
An immediate withholding is ordered to secure the payment of alimony, child support and arrears, as provided by law.
Barbara A. Coppeto, Judge